**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION**

**In re:**

| | |
|---|---|
| **GARY CHARLES YOUNG, JR.,** | **CHAPTER 13** |
| **DEBTOR.** | **CASE NO. 26-14572** |

**NEWREZ LLC AS SERVICER FOR DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS TRUSTEE FOR
NEW CENTURY HOME EQUITY LOAN TRUST, SERIES
2005-C, ASSET BACKED PASS-THROUGH
CERTIFICATES,**

      **MOVANT,**

**vs.**

**GARY CHARLES YOUNG, JR.
and TIMOTHY P. BRANIGAN, TRUSTEE,**

      **RESPONDENTS.**

### RESPONSE TO DEBTOR'S OBJECTION TO PROOF OF CLAIM

NewRez LLC as servicer for Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates ("Newrez"), by counsel, submits the following in response to the Debtor's Objection to Proof of Claim:

1. NewRez LLC as servicer for Deutsche Bank National Trust Company, as Trustee for New Century Home Equity Loan Trust, Series 2005-C, Asset Backed Pass-Through Certificates filed a Proof of Claim on July 8, 2026, in the amount of $100,783.48 with arrearages of $24,114.02 of which $13,581.76 are fees due ("Fees Due").

2. The Debtor objected to the Proof of Claim alleging that because the Debtor does not owe the debt they should be disallowed and moreover that the Debtor was current on the loan through at least December 2024 and all Fees Due and incurred prior to that time, while the loan was current, should be disallowed for that reason and because they were not itemized.

3. NewRez categorically denies and disputes allegations in the Objection with respect to the purported failure to provide proper itemization and credit and argues further that said charges including the Fees Due were authorized by the underlying loan documents including the Deed of Trust. Even assuming arguendo that the debtor's argument with respect to not "owning" the debt is true the deed of trust provides that said charges are allowable in rem as to the subject real property. *See* Deed of

Trust attached to the POC which is incorporated herein by this reference.

4. Pursuant to Federal Bankruptcy Rule 3001(f) "a proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." A party objecting to the proof of claim bears the burden of overcoming the presumptive validity of the proof of claim. *Stancill v. Harford Sands Inc.* (In re Harford Sands Inc.), 372 F.3d 637, 640 (4th Cir. 2004).

5. The Debtor has failed to meet its burden in this regard as the Objection contains nothing more that factual and legal conclusions.

WHEREFORE, the undersigned respectfully requests a hearing on this matter and that the Court deny the Debtor's Objection to Proof of Claim and grant further relief as deemed proper.

NEWREZ LLC AS SERVICER FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR NEW CENTURY HOME EQUITY LOAN TRUST, SERIES 2005-C, ASSET BACKED PASS-THROUGH CERTIFICATES

By: /s/Daniel J. Pesachowitz
Daniel J. Pesachowitz, Esquire, Bar No. 14930
Robert A. Jones, Esquire, Bar No. 18707
D. Carol Sasser, Esquire, Bar No. 21631
Samuel I. White, P.C.
6100 Executive Blvd.
Suite 400
Rockville, MD 20852
Tel:(301) 804-3400
Fax:(301) 838-1954
dpesachowitz@siwpc.com

CERTIFICATE OF SERVICE

I certify that on, July 30, 2026 the foregoing Response was served via CM/ECF on Timothy P. Branigan, Trustee, and Daniel M. Press, Counsel for Debtor, at the email addresses registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Gary Charles Young, Jr., Debtor, P.O. Box 205, Friendsville, MD 21531.

/s/Daniel J. Pesachowitz
Daniel J. Pesachowitz, Esquire
Samuel I. White, P.C.